**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**BIRMINGHAM DISTRICT OFFICE**
Ridge Park Place, Suite 2000
1130 - 22nd Street, South
Birmingham, AL 35205-2870

IN THE MATTER OF:

| | | |
|---|---|---|
| Shirley Skipper-Scott | ] | |
| | ] | |
| Complainant, | ] | |
| | ] | |
| v | ] | EEOC# 420-2011-00209X |
| | ] | |
| Eric Holder, | ] | Agency# BOP-2011-0103 |
| Attorney General, | ] | |
| | ] | |
| Department Of Justice, | ] | |
| | ] | |
| Agency. | ] | |

## ORDER ENTERING JUDGMENT

    For the reasons set forth in the enclosed decision, judgment in the above captioned matter is hereby entered in favor of the Agency.  A notice to the parties explaining their appeal rights follows the Administrative Judge's decision.

    Only the parties' pre-hearing submissions, accompany this decision. The EEOC will keep the Investigative and Complaint Files for sixty (60) days from the date of this notice.  If the Agency, wants the files forwarded, it should notify the undersigned immediately. Otherwise, at the expiration of the aforementioned period, the aforesaid files will be destroyed.

7/12/2012
DATE

*Eunice H. Morrow*

EUNICE H. MORROW
Administrative Judge
Eunice.morrow@eeoc.gov

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this Order was received within five (5) calendar days of mailing.  I certify that the Order was mailed to complainant, complainant's representative (if applicable), and the agency on the above date.

Shirley-Skipper-Scott
4301 Raleigh Court
Apt. 1308
Midland, TX  79707

Alicia Daniels-Lewis
Assistant General Counsel
Federal Bureau of Prisons
Labor Law Branch/Atlanta Satellite Office
3800 Camp Creek Parkway, Bldg. 2000
Atlanta. GA  30331

Mark L. Gross
Complaint Adjudication Office
U. S. Department of Justice
950 Pennsylvania Avenue, NW
Civil Rights Division, CAO, PHB
Washington, DC  20530

*Eunice H. Morrow*
EUNICE H. MORROW
Administrative Judge

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**BIRMINGHAM DISTRICT OFFICE**
Ridge Park Place, Suite 2000
1130 - 22nd Street, South
Birmingham, AL 35205-2870

**IN THE MATTER OF:**

| | |
|---|---|
| Shirley Skipper-Scott | ] |
| | ] |
| Complainant, | ] |
| | ] |
| v | ] EEOC# 420-2011-00209X |
| | ] |
| Eric Holder, | ] Agency# BOP-2011-0103 |
| Attorney General, | ] |
| | ] |
| Department Of Justice, | ] |
| | ] |
| Agency. | ] |

## DECISION

BEFORE:                    EUNICE H. MORROW
                           Administrative Judge

FOR THE COMPLAINANT:       Shirley Skipper-Scott
                           4301Raleigh Court
                           Apartment #1308
                           Midland, TX   79707

FOR THE AGENCY:            Alicia Daniels-Lewis
                           Federal Bureau of Prisons
                           Labor Law Branch
                           38 Camp Creek Parkway, SW
                           Bldg. 2000
                           Atlanta, GA   30331-6226

1

## I.  INTRODUCTION

The following findings and conclusions are being issued, without a hearing, pursuant to C.F.R. Section 1614.109(g)(1).

## II.  BACKGROUND

Complainant filed a complaint of discrimination wherein she alleged that she was discriminated against on the basis of reprisal (prior EEO activity), when on September 30, 2010, she received an unfavorable yearly evaluation, preventing her from transferring or getting promoted.

Informal efforts to resolve Complainant's Complaint of Discrimination were unsuccessful. Consequently, Complainant requested a hearing before an EEOC Administrative Judge ("AJ").

Following a review of the Investigative Record, the Administrative Judge issued an Acknowledgment and Order on September 27, 2011, which, among other things, gave the parties seventy-five (75) days in which to conduct discovery and to supplement the Investigative Record. Thereafter, on April 27, 2012, the Agency served its Motion for a Decision Without a Hearing.

The Hearing record consists of the following documents: the Acknowledgment and Order; Order to Produce file, request for a hearing; Complainant's claim of compensatory damages; Complainant's witness list; the Agency's designation of representative; Order to Show Cause; the Investigative file; the Agency's witness list and, Findings and Conclusions of Law in support of a Motion for a Decision without a Hearing.

### III.  ISSUE

Whether Complainant was discriminated against on the basis of reprisal (prior EEO activity), when on September 30, 2010, she received an unfavorable yearly evaluation

### IV.  FINDINGS OF FACT

The Administrative Judge hereby finds as follows, with respect to the accepted issues and underlying facts:

1.  The AJ finds that this case involves allegations of discrimination, under the reprisal theory of discrimination.  The allegations are based on circumstantial evidence.  There is no direct evidence of discrimination.  The AJ further finds that the Investigative Record is adequate and that no further development of the record is necessary, in order to fairly adjudicate Complainant's allegations of discrimination.

2.    At all times relevant to the instant Complaint, Shirley Skipper Scott, was employed by the Federal Bureau of Prisons, Federal Correctional Complex, Yazoo City, Mississippi as a GS-12, Deputy Case Management Coordinator.  ("ROI") Ex. 7, pg. 4.

3.    Complainant most recently engaged in prior protected activity in May 2009. Agency Attachment A.

4.    Complainant's first-line supervisor and rating official was Ms. Angela Scott, GS-13 Case Management Coordinator.  Ms. Scott was aware of Complainant's prior protected activity.  ("ROI") Ex. 7, pg. 4;   Ex. 8, pgs. 2-4.

5.    Complainant's Performance Evaluation for the October 1, 2009-September 30, 2010, rating period was an overall "Excellent."  ("ROI") Ex. 7, pg. 4; ("ROI") Ex. 8, pg. 4; Ex. 21c, pg. 2.

3

6.      In 2009, the Bureau of Prisons implemented a new performance system for non-bargaining staff.  The new system entitled Performance Work Plan, (PWP), required that the employee being rated receive a numerical rating between 1 and 5 in each rating category. The numerical rating is then multiplied by a Weight Factor to arrive at a total score in a particular element.  The total score for each element is then added together to arrive at an Overall Summary Rating.  The overall summary rating is as follows:  461-500=Outstanding; 361-460 =Excellent; 261-360=Achieved Results; 200-260=Minimally Satisfactory; and less than 200=Unsatisfactory.  ("ROI") Ex. 8, pg. 5; Ex. 21c, pg. 1.

7.      In the Element of Organizational Results, Complainant received the maximum score of 5 which was multiplied by the weight factor of 60 for a total of 300.  In the Element of People/Workforce/ & Communication/Teamwork, Complainant received a score of 3, which was multiplied by the pre-determined weight factor of 20, for a total of 60.   Finally in the Element of Taxpayer Value, Complainant received the Element Rating Score of 4, which was multiplied by the pre-determined Weight Factor of 20, for a total of score of 80.  The sum of each total score resulted in Complainant achieving and overall score of 440 points, which equated to a rating of "Excellent (361-460)," for the performance year.  ("ROI") Ex. 21c, pgs.1-10.

8.      Ms. Scott testimony indicates that Complainant had issues as it related to communication with her supervisor and some of the other staff at the institution.  Specifically, Ms. Scott asserts that Complainant fails to communicate or update her when issues arise, and Complainant "failed to go through her supervisor for notification, justification, or anything of that nature." Additionally, Ms. Scott asserts that when Complainant serves as the Acting (CMC) she fails to update her on issues that she needs to know about.  Additionally, Ms. Scott asserts she often gets questions from other institutions on issues which have been handled by

4

Complainant; however, Complainant leaves her out of the loop; and e-mails the Associate Warden directly.  Finally, Ms. Scott testified that when Complainant attends Monday Morning Administrator Meetings where supervisors advise each other of issues in the institution, Complainant often fails to give her all relevant information.   ("ROI") Ex. 8, pgs. 7-12; Ex. 10, pg. 4.

9.     In response, to Ms. Scott's testimony that Complainant does not inform her of what has occurred during Ms. Angela Scott's absence from the office, Complainant asserts that she has only served as Acting Case Management Coordinator, in Ms. Angela Scott's position, since 2009. Complainant states that she does not have Ms. Angela Scott's home telephone number on "speed dial" as do others in the division. Complainant further states, "If I am acting on her behalf and she is at home, on vacation out of town or whatever the case maybe [sic], she shouldn't be concerned with what happened on the job. She returns and there aren't any issues in the office, she should be giving me praise because I handle every situation and don't bother her." ("ROI"), Ex. 7b, pgs. 2-4, 8-10.

10.     Complainant asserts that her receipt of an "Excellent" performance rating has played a major role in her competing for certain jobs and has prevented her from getting raises. ("ROI") Ex. 7, pgs. 6, 11.

11.     Complainant was promoted from Deputy Case Management Coordinator to the position of Case Management Coordinator in June 2011.   Agency's Exhibit B.

### V. SUMMARY DISPOSITION

The Commission's regulations at 29 C.F.R. § 1614.109(g)(3) provide that if the Administrative Judge determines that there are no genuine issues of material fact, he/she may issue recommended findings of Fact and Conclusions of Law without a hearing.  This regulation

is closely modeled after Rule 56(c), of the Federal Rules of Civil Procedure ("Rule 56").

Rule 56 allows the trial judge to grant Summary Judgment, if he/she determines that there is no genuine issue of material fact with respect to the plaintiff's claim, and that the moving party is entitled to judgment as a matter of law.  Beard v. Whitley County REML, 840 F.2d 405, 409-410, (7th Cir. 1988).

A defendant may prevail on a Summary Judgment Motion in alternate ways.  The defendant may show that the plaintiff can raise no genuine issue of fact as to one or more elements of the plaintiff's prima facie case.  The defendant may also introduce evidence of a nondiscriminatory animus and show that the plaintiff can raise no genuine issue of fact as to whether the proffered reason is a pretext for discrimination.  Sprangle v. Valley Forge Sewer Authority, 839 F.2d 171, 173 (3rd Cir. 1988), citing Chipollini v. Spencer Gifts, Inc., 814 F.2d 893 (3d Cir. 1987).   See also, Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

Once the Motion for Summary Judgment is made the burden shifts to the non-moving party (Complainant) to "...set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250 (1986).   An issue is genuine, if the evidence is such that a reasonable fact-finder could find in Complainant's favor.   Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988).

The moving party bears the burden of demonstrating the absence of a genuine dispute as to a material fact.  See Celotex, 477 U.S. at 322-23;  Lordmann Enterprises, Inc. v. Equicar, Inc. 32 F.3d 1529, 1532 (11th Cir. 1994).   The moving party's burden is discharged by demonstrating  "an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.  In assessing whether the movant has met this burden, the trier of fact must view the

6

evidence and all factual inferences in the light most favorable to the party opposing the motion. See Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993).

Once the moving party has met its burden, the non-moving party has the burden of showing summary judgment is improper by coming forward with specific facts that demonstrate that there is a genuine issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). Only facts that may affect the outcome of the case under governing law are "material": factual disputes that are irrelevant or unnecessary do not operate to deprive a moving party of summary judgment. Anderson, 477 U.S. at 248. Similarly, a motion for summary judgment will not be defeated by factual disputes that are not "genuine." Id. Applicable substantive law identifies those facts that are material. Id.

Mere allegations or denials of the adverse party's pleadings are not enough to prevent summary judgment. See Fed.R.Civ.P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must come forward with specific facts showing there is a genuine issue for trial. Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). For factual issues to be genuine, they must have a real basis in the record. Id. at 587. Affidavits offering only "conclusory allegations without specific supporting facts" have no probative value. Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

A nonmoving party must provide "more than a mere scintilla of evidence to survive a motion for summary judgment as a matter of law;" such party must show "a substantial conflict in evidence to support a jury question." Jones v. Bessemer Carraway Medical Center, 137 F.3d

7

1306, 1310 (11th Cir. 1998), quoting Isenbergh v. Knight-Ridder Newspaper Sales Inc., 97 F.3d

436, 439 (11th Cir. 1996).   As the Supreme Court has stated, "[s]ummary judgment procedure is

properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the

Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive

determination of every action.'"   Celotex, 477 U.S. at 327.

### VI. CONCLUSIONS OF LAW

1.      A complainant must first establish a prima facie case of discrimination by

presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, i.e.,

that a prohibited reason was a factor in the adverse employment action.   McDonnell Douglas

Corporation v. Green, 411 U.S. 792 (1973); Furnco Construction Corp. v. Waters, 438 U.S. 567

(1978).   Next, the agency must articulate a legitimate, nondiscriminatory reason for its action(s).

Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981).   After the agency

has offered the reason for its action, the burden returns to the complainant to demonstrate, by a

preponderance of the evidence, that the agency's reason was pretextual, that is, it was not the true

reason and action was influenced by legally impermissible criteria.   Burdine, 450 U.S. at 253;

St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

#### *Reprisal*

2.      In general, claims alleging reprisal discrimination are examined under the

tripartite analysis first enunciated in McDonnell Douglas, discussed, supra. Hochstadt v.

Worcester Foundation for Experimental Biology, Inc., 425 F. Supp. 318, 324 (D. Mass.), aff'd,

545 F.2d 222 (1st Cir. 1976).

3.      To establish a prima facie case of reprisal, Complainant must show that (1) she

engaged in prior protected activity; (2) the acting agency official was aware of the protected

activity; (3) she was subsequently disadvantaged by an adverse action; and, (4) there is a causal link. The causal connection may be shown by evidence that the adverse action followed the protected activity within such a period of time and in such a manner that a reprisal motive is inferred. Simens v. Department of Justice, EEOC Request No. 05950113 (March 28, 1996) (citations omitted).   Generally, the Commission has held that nexus may be established if events occurred within one year of each other.   Patton v. Department of the Navy, EEOC Request No. 05950124 (June 27, 1996).

    4.      The evidence herein does not establish a prima facie case of reprisal, with respect to Complainant's claim that, because of her prior EEO activity, she was given an "Excellent" rating on her performance appraisal.

    5.      Complainant has established that she engaged in protected activity when she filed her EEO complaint in 2009.   However, she has failed to demonstrate that she was subjected to an adverse employment action or that she is aggrieved.

    6.      In retaliation claims, adverse actions need not qualify as "ultimate employment actions" or materially affect the terms and conditions of employment to constitute retaliation. Lindsey v. United States Postal Service, EEOC Request No. 05980410 (Nov. 4, 1999) (citing, EEOC Compliance Manual, Section 8, Retaliation (May 20, 1998)).   Instead, the statutory retaliation clause prohibits any adverse treatment that is based upon a retaliatory motive and is reasonably likely to deter complainant or others from engaging in protected activity.   Id.

    7.      Complainant's most recent EEO activity, however, was initiated in or around May 2009, more than 12 months earlier than the alleged retaliatory event in the instant case. Therefore, the AJ finds that she fails to establish a causal connection between the protected activity and the alleged adverse action - Ms. Scott's action in giving her an "Excellent" on her

evaluation instead of "Outstanding".    Furthermore, Complainant has advanced no other

evidence to show that her rating on her evaluation was because of her prior EEO activity, or

because of a discriminatory animus against her. Moreover, Complainant has failed to

demonstrate that she is likely to be deterred from engaging in future protected activity by virtue

of having been awarded an "Excellent" performance rating.

## VII. CONCLUSION

The available evidence does not support Complainant's allegations of discrimination.

Moreover, there is no genuine dispute, under the Summary Judgment standards discussed above,

with respect to a material fact and no genuine issue as to credibility which would warrant a

hearing on the merits of Complainant's allegations of discrimination.   Therefore, a summary

disposition of the above numbered complaint, without a hearing, is appropriate.

### NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge
issued pursuant to C.F.R. §1614.109(b), 109(g) or 109(i).   EEOC regulations require the Agency
to take final action on the complaint by issuing a final order within 40 calendar days of receipt of
the hearing file and this decision.   The Agency's final order shall notify the complainant whether
or not the Agency will fully implement this decision, and shall contain notice of the
complainant's  right to appeal to the Commission, the right to file a civil action in federal district
court, the name of the proper defendant in any such lawsuit and the applicable time limits for
such appeal or lawsuit. **With the exception detailed in the next paragraph, complainant may
not file an appeal to the Commission   directly from this decision.**   Rather, complainant may
appeal to the Commission within 30 calendar days of receipt of the Agency's final order
concerning its implementation of this decision.   If the final order does not fully implement this
decision, the Agency must also simultaneously file an appeal to the Commission in accordance
with 29 C.F.R. §1614.403, and append a copy of the appeal to the final order.   A copy of EEOC
Form 573 must be attached to the final order.

Complainant may only appeal directly from this decision in the event that the Agency has **not**
issued its final order within 40 calendar days of its receipt of the hearing file and this decision.
In this event, the complainant should append a copy of the Administrative Judge's decision to the
appeal.   The complainant should furnish a copy of the appeal to the opposing party at the same
time it is filed with the Commission, and should certify to the Commission the date and method
by which such service was made on the opposing party.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, NE Washington, DC 20507

Facsimile transmissions over 10 pages will not be accepted.

For further guidance regarding appeals, the parties may consult 29 C.F.R. §1614.401 et seq. and Chapter 10 of the Commission's Management Directive-110.  These documents are available on the EEOC's website at EEOC.GOV.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. §1614.504, an Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency.  If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within 30 calendar days of when the complainant knew or should have known of the alleged noncompliance.  The Agency shall resolve the matter and respond to the complainant in writing.  If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action.  The complainant may file such an appeal within 30 calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least 35 calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within 30 calendar days of receiving the notice of appeal.

7/12/2012

*Eunice H. Morrow*

EUNICE H. MORROW
Administrative Judge
eunice.morrow@eeoc.gov

11

<u>CERTIFICATE OF MAILING</u>

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days of mailing.   I certify that the decision was mailed to complainant, complainant's representative, and the agency on the above date.

Shirley-Skipper-Scott
4301 Raleigh Court
Apt. 1308
Midland, TX   79707

Alicia Daniels-Lewis
Assistant General Counsel
Federal Bureau of Prisons
Labor Law Branch/Atlanta Satellite Office
3800 Camp Creek Parkway, Bldg. 2000
Atlanta. GA   30331

Mark L. Gross
Complaint Adjudication Office
U. S. Department of Justice
950 Pennsylvania Avenue, NW
Civil Rights Division, CAO, PHB
Washington, DC   20530

*Eunice H. Morrow*
EUNICE H. MORROW
Administrative Judge

# Shirley Skipper-Scott - Re: Fwd: Agency#BOP-2011-0103/EEOC#420-2011-00209X

**From:** "EUNICE MORROW" <EUNICE.MORROW@EEOC.GOV>
**To:** "Shirley Skipper-Scott" <sskipperscott@bop.gov>
**Date:** 12/9/2011 3:55 PM
**Subject:** Re: Fwd: Agency#BOP-2011-0103/EEOC#420-2011-00209X

I have prepared an Order reopening your case, with notice to the agency.

Thank you for contacting me.

>>> "Shirley Skipper-Scott" <sskipperscott@bop.gov> 12/9/2011 9:49 AM >>>
Dear Judge Morrow:

I just spoke with you via the telephone concerning a letter I received from you indicating that you were dismissing my case due to an inability to locate me.  I initially filed by case in Mississippi due to being employed at the Federal Correctional Complex, Yazoo City, Mississippi.  On August 14, 2011, I transferred to the Federal Correctional Institution, Big Spring, Texas. I have documentation to show that I purchased a Post Office box in Midland, Texas and submitted a change of address form to ensure that my mail was forwarded.  Furthermore, I received a prior letter from you and there was no reason for me to be alarmed that you could not locate me. Additionally, I received your letter indicating your were dismissing my case (which was mailed to my address in Mississippi); therefore, this shows that you were able to locate me.  Prior to receiving your Order of Dismissal, I faxed and mailed appropriately a month ago to your office and to the EEOC in Washington a letter, which indicated my new address.  A month ago, I went to the Post Office in Canton, Mississippi and I made sure that my mail is being forwarded.  I am trying to show you that I took every measure to ensure that I received my mail.

I am respectfully requesting that you review my situation and re-open my case.  I have a lot of money, undue stress and time invested in my case to have it thrown out because of a technicality such as this.

Thanking you in advance for your assistance in this matter.  I am looking forward to hearing from you as soon as possible so that if my request to re-open my case isn't approved, I can take the next step.  Below is my contact information:

Shirley Skipper-Scott
Address:  4301 Raleigh Court #1308 (I maintained the Post Office box so that I could continue to get my mail forwarded and to ensure I would receive my mail)
Work Number: 432-466-2300, ext. 1450
Home Number: 601-988-7452
e-mail address: sskipperscott@bop.gov

```
** JOB STATUS REPORT **          AS OF  JAN 07 2012 00:24      PAGE. 01

                                      FCI BIG SPRING

      JOB #789

      DATE  TIME            TO/FROM    MODE   MIN/SEC   PGS   STATUS
001   1/07  00:22          92025140655 EC--S   01'21"   001    OK
```



**U.S. Department of Justice**

Federal Bureau of Prisons

Federal Correctional Institution      Big Spring, Texas 79720

January 4, 2012

MEMORANDUM      ALL CONCERNED

FROM:          Shirley Skipper-Scott/Agency Complaint
               BOP-2011-0103

SUBJECT:       Address Change

This is to notify you that my address has changed to the following:
4301 Raleigh Court, Midland, Texas 79707.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**BIRMINGHAM DISTRICT OFFICE**
Ridge Park Place, Suite 2000
1130 - 22nd Street, South
Birmingham, AL 35205-2870

**IN THE MATTER OF:**

| | | |
|---|---|---|
| Shirley Skipper-Scott | ] | |
| | ] | |
| Complainant, | ] | |
| | ] | |
| v | ] | EEOC# 420-2011-00209X |
| | ] | |
| Eric Holder, | ] | Agency# BOP-2011-0103 |
| Attorney General, | ] | |
| | ] | |
| Department Of Justice, | ] | |
| | ] | |
| Agency. | ] | |

### ORDER OF DISMISSAL

The hearing request in the above styled case is being dismissed, pursuant to Title 29 C.F.R. §1614.107(a)(6), due to an inability to locate the Complainant. Mail sent by the Administrative Judge to Complainant's last known address was returned as not being deliverable.

Accordingly, the investigative file is being returned for a final agency decisions.

IT IS SO ORDERED this 21st day of November, 2011.

For the Commission:                    *Eunice H. Morrow*
                                       EUNICE H. MORROW
                                       Administrative Judge
                                       Eunice.morrow@eeoc.gov
                                       (205) 212-2065

## CERTIFICATE OF MAILING

For timeliness purposes, it shall be presumed that the parties received the foregoing ORDER within five (5) calendar days after the date they were sent via first class mail.  I certify that the foregoing ORDER was sent on the date above *via* first class mail to the following:

Alicia Daniels-Lewis
Federal Bureau of Prisons
Labor Law Branch
3800 Camp Creek Parkway, SW
Building 2000
Atlanta, GA  303331-6226

Mark L. Gross
Complaint Adjudication Office
U. S. Department of Justice
950 Pennsylvania Ave. NW
Civil Rights Division, CAO, PHB
Washington, DC  20530

Ms. Shirley Skipper-Scott
126 Southwood Drive
Canton, MS 39046


*Eunice H. Morrow*
EUNICE H. MORROW
Administrative Judge

2

Skip To Quick Tools Skip To Navigation



Search USPS.com or Track Packages | Search USPS.

## You entered: EI159352654US

Status: Delivered

Your item was delivered at 10:57 am on May 07, 2012 in BIRMINGHAM, AL 35205. The item was signed for by G COVINGTON. Additional information for this item is stored in files offline.

Unfortunately, there are multiple items with that information. To clarify, please provide a few more details.

You may request that the additional information be retrieved from the archives, and that we send you an e-mail when this retrieval is complete. Requests to retrieve additional information are generally processed within four hours. This information will remain online for 30 days.

☐

 I would like to receive notification on this request

Send Date
⌐

To ZIP Code™
⌐

First Name
⌐

M.I.
⌐

Last Name
⌐

Email Address
⌐

EXPRESS
MAIL

Customer Copy
Label 11B, March 2004

Post Office To Addressee

UNITED STATES POSTAL SERVICE®

EI 157352654 US

**DELIVERY (POSTAL USE ONLY)**

**CUSTOMER USE ONLY**
PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

☐ WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if waiver of signature is requested. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code

Day of Delivery
☐ Next  ☐ 2nd  ☐ 2nd Del. Day

Flat Rate ☐ or Weight

FROM: (PLEASE PRINT) PHONE ( 601 ) 788 - 7458

Shirley Skipper-Scott
4301 Raleigh County Apt #1308
Midland TX 79707

TO: (PLEASE PRINT) PHONE ( 205 ) 318 - 2100

U.S. Equal Employment Opportunity Comm.
Ridge Park Place
1130 22nd Street Suite 2000
Birmingham AL 35205

3 5 2 0 5 +

**NO DELIVERY**
☐ Weekend  ☐ Holiday

**FOR PICKUP OR TRACKING**
Visit **WWW.USPS.COM**
Call **1-800-222-1811**

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### BIRMINGHAM DISTRICT OFFICE
Ridge Park Place, Suite 2000
1130 - 22nd Street, South
Birmingham, AL 35205-2870

**IN THE MATTER OF:**

| | | |
|---|---|---|
| Shirley Skipper-Scott | ] | |
| | ] | |
| Complainant, | ] | |
| | ] | |
| v | ] | EEOC# 420-2011-00209X |
| | ] | |
| Eric Holder, | ] | Agency# BOP-2011-0103 |
| Attorney General, | ] | |
| | ] | |
| Department Of Justice, | ] | |
| | ] | |
| Agency. | ] | |

## DECISION

BEFORE:                              EUNICE H. MORROW
Administrative Judge

FOR THE COMPLAINANT:       Shirley Skipper-Scott
4301Raleigh Court
Apartment #1308
Midland, TX  79707

FOR THE AGENCY:             Alicia Daniels-Lewis
Federal Bureau of Prisons
Labor Law Branch
38 Camp Creek Parkway, SW
Bldg. 2000
Atlanta, GA   30331-6226

1

## I.  INTRODUCTION

The following findings and conclusions are being issued, without a hearing, pursuant to C.F.R. Section 1614.109(g)(1).

## II.  BACKGROUND

Complainant filed a complaint of discrimination wherein she alleged that she was discriminated against on the basis of reprisal (prior EEO activity), when on September 30, 2010, she received an unfavorable yearly evaluation, preventing her from transferring or getting promoted.

Informal efforts to resolve Complainant's Complaint of Discrimination were unsuccessful. Consequently, Complainant requested a hearing before an EEOC Administrative Judge ("AJ").

Following a review of the Investigative Record, the Administrative Judge issued an Acknowledgment and Order on September 27, 2011, which, among other things, gave the parties seventy-five (75) days in which to conduct discovery and to supplement the Investigative Record. Thereafter, on April 27, 2012, the Agency served its Motion for a Decision Without a Hearing.

The Hearing record consists of the following documents: the Acknowledgment and Order; Order to Produce file, request for a hearing; Complainant's claim of compensatory damages; Complainant's witness list; the Agency's designation of representative; Order to Show Cause; the Investigative file; the Agency's witness list and, Findings and Conclusions of Law in support of a Motion for a Decision without a Hearing.

2

### III.  ISSUE

Whether Complainant was discriminated against on the basis of reprisal (prior EEO activity), when on September 30, 2010, she received an unfavorable yearly evaluation

### IV.  FINDINGS OF FACT

The Administrative Judge hereby finds as follows, with respect to the accepted issues and underlying facts:

1.  The AJ finds that this case involves allegations of discrimination, under the reprisal theory of discrimination.  The allegations are based on circumstantial evidence.  There is no direct evidence of discrimination.  The AJ further finds that the Investigative Record is adequate and that no further development of the record is necessary, in order to fairly adjudicate Complainant's allegations of discrimination.

2.  At all times relevant to the instant Complaint, Shirley Skipper Scott, was employed by the Federal Bureau of Prisons, Federal Correctional Complex, Yazoo City, Mississippi as a GS-12, Deputy Case Management Coordinator.  ("ROI") Ex. 7, pg. 4.

3.  Complainant most recently engaged in prior protected activity in May 2009. Agency Attachment A.

4.  Complainant's first-line supervisor and rating official was Ms. Angela Scott, GS-13 Case Management Coordinator.  Ms. Scott was aware of Complainant's prior protected activity.  ("ROI") Ex. 7, pg. 4;  Ex. 8, pgs. 2-4.

5.  Complainant's Performance Evaluation for the October 1, 2009-September 30, 2010, rating period was an overall "Excellent."  ("ROI") Ex. 7, pg. 4; ("ROI") Ex. 8, pg. 4; Ex. 21c, pg. 2.

6.     In 2009, the Bureau of Prisons implemented a new performance system for non-bargaining staff.  The new system entitled Performance Work Plan, (PWP), required that the employee being rated receive a numerical rating between 1 and 5 in each rating category. The numerical rating is then multiplied by a Weight Factor to arrive at a total score in a particular element.  The total score for each element is then added together to arrive at an Overall Summary Rating.  The overall summary rating is as follows:  461-500=Outstanding; 361-460 =Excellent; 261-360=Achieved Results; 200-260=Minimally Satisfactory; and less than 200=Unsatisfactory.  ("ROI") Ex. 8, pg. 5; Ex. 21c, pg. 1.

7.     In the Element of Organizational Results, Complainant received the maximum score of 5 which was multiplied by the weight factor of 60 for a total of 300.  In the Element of People/Workforce/ & Communication/Teamwork, Complainant received a score of 3, which was multiplied by the pre-determined weight factor of 20, for a total of 60.  Finally in the Element of Taxpayer Value, Complainant received the Element Rating Score of 4, which was multiplied by the pre-determined Weight Factor of 20, for a total of score of 80.  The sum of each total score resulted in Complainant achieving and overall score of 440 points, which equated to a rating of "Excellent (361-460)," for the performance year.  ("ROI") Ex. 21c, pgs.1-10.

8.     Ms. Scott testimony indicates that Complainant had issues as it related to communication with her supervisor and some of the other staff at the institution.  Specifically, Ms. Scott asserts that Complainant fails to communicate or update her when issues arise, and Complainant "failed to go through her supervisor for notification, justification, or anything of that nature." Additionally, Ms. Scott asserts that when Complainant serves as the Acting (CMC) she fails to update her on issues that she needs to know about.  Additionally, Ms. Scott asserts she often gets questions from other institutions on issues which have been handled by

4

Complainant; however, Complainant leaves her out of the loop; and e-mails the Associate Warden directly.   Finally, Ms. Scott testified that when Complainant attends Monday Morning Administrator Meetings where supervisors advise each other of issues in the institution, Complainant often fails to give her all relevant information.   ("ROI") Ex. 8, pgs. 7-12; Ex. 10, pg. 4.

9.     In response, to Ms. Scott's testimony that Complainant does not inform her of what has occurred during Ms. Angela Scott's absence from the office, Complainant asserts that she has only served as Acting Case Management Coordinator, in Ms. Angela Scott's position, since 2009. Complainant states that she does not have Ms. Angela Scott's home telephone number on "speed dial" as do others in the division. Complainant further states, "If I am acting on her behalf and she is at home, on vacation out of town or whatever the case maybe [sic], she shouldn't be concerned with what happened on the job. She returns and there aren't any issues in the office, she should be giving me praise because I handle every situation and don't bother her." ("ROI"), Ex. 7b, pgs. 2-4, 8-10.

10.     Complainant asserts that her receipt of an "Excellent" performance rating has played a major role in her competing for certain jobs and has prevented her from getting raises. ("ROI") Ex. 7, pgs. 6, 11.

11.     Complainant was promoted from Deputy Case Management Coordinator to the position of Case Management Coordinator in June 2011.   Agency's Exhibit B.

## V. SUMMARY DISPOSITION

The Commission's regulations at 29 C.F.R. § 1614.109(g)(3) provide that if the Administrative Judge determines that there are no genuine issues of material fact, he/she may issue recommended findings of Fact and Conclusions of Law without a hearing.   This regulation

is closely modeled after Rule 56(c), of the Federal Rules of Civil Procedure ("Rule 56").

Rule 56 allows the trial judge to grant Summary Judgment, if he/she determines that there is no genuine issue of material fact with respect to the plaintiff's claim, and that the moving party is entitled to judgment as a matter of law.  Beard v. Whitley County REML, 840 F.2d 405, 409-410, (7th Cir. 1988).

A defendant may prevail on a Summary Judgment Motion in alternate ways.  The defendant may show that the plaintiff can raise no genuine issue of fact as to one or more elements of the plaintiff's prima facie case.  The defendant may also introduce evidence of a nondiscriminatory animus and show that the plaintiff can raise no genuine issue of fact as to whether the proffered reason is a pretext for discrimination.  Sprangle v. Valley Forge Sewer Authority, 839 F.2d 171, 173 (3rd Cir. 1988), citing Chipollini v. Spencer Gifts, Inc., 814 F.2d 893 (3d Cir. 1987).  See also, Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

Once the Motion for Summary Judgment is made the burden shifts to the non-moving party (Complainant) to "...set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250 (1986).  An issue is genuine, if the evidence is such that a reasonable fact-finder could find in Complainant's favor.  Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988).

The moving party bears the burden of demonstrating the absence of a genuine dispute as to a material fact.  See Celotex, 477 U.S. at 322-23;  Lordmann Enterprises, Inc. v. Equicar, Inc. 32 F.3d 1529, 1532 (11th Cir. 1994).   The moving party's burden is discharged by demonstrating  "an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.  In assessing whether the movant has met this burden, the trier of fact must view the

6

evidence and all factual inferences in the light most favorable to the party opposing the motion. See Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993).

Once the moving party has met its burden, the non-moving party has the burden of showing summary judgment is improper by coming forward with specific facts that demonstrate that there is a genuine issue.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).  Only facts that may affect the outcome of the case under governing law are "material": factual disputes that are irrelevant or unnecessary do not operate to deprive a moving party of summary judgment.  Anderson, 477 U.S. at 248.  Similarly, a motion for summary judgment will not be defeated by factual disputes that are not "genuine."  Id.  Applicable substantive law identifies those facts that are material. Id.

Mere allegations or denials of the adverse party's pleadings are not enough to prevent summary judgment. See Fed.R.Civ.P. 56(e).  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must come forward with specific facts showing there is a genuine issue for trial.  Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).   For factual issues to be genuine, they must have a real basis in the record. Id. at 587.   Affidavits offering only "conclusory allegations without specific supporting facts" have no probative value.  Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

A nonmoving party must provide "more than a mere scintilla of evidence to survive a motion for summary judgment as a matter of law;" such party must show "a substantial conflict in evidence to support a jury question." Jones v. Bessemer Carraway Medical Center, 137 F.3d

7

1306, 1310 (11th Cir. 1998), quoting Isenbergh v. Knight-Ridder Newspaper Sales Inc., 97 F.3d 436, 439 (11th Cir. 1996). As the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327.

## VI. CONCLUSIONS OF LAW

1. A complainant must first establish a prima facie case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, i.e., that a prohibited reason was a factor in the adverse employment action. McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973); Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978). Next, the agency must articulate a legitimate, nondiscriminatory reason for its action(s). Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). After the agency has offered the reason for its action, the burden returns to the complainant to demonstrate, by a preponderance of the evidence, that the agency's reason was pretextual, that is, it was not the true reason and action was influenced by legally impermissible criteria. Burdine, 450 U.S. at 253; St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

### *Reprisal*

2. In general, claims alleging reprisal discrimination are examined under the tripartite analysis first enunciated in McDonnell Douglas, discussed, supra. Hochstadt v. Worcester Foundation for Experimental Biology, Inc., 425 F. Supp. 318, 324 (D. Mass.), aff'd, 545 F.2d 222 (1st Cir. 1976).

3. To establish a prima facie case of reprisal, Complainant must show that (1) she engaged in prior protected activity; (2) the acting agency official was aware of the protected

8

activity; (3) she was subsequently disadvantaged by an adverse action; and, (4) there is a causal link. The causal connection may be shown by evidence that the adverse action followed the protected activity within such a period of time and in such a manner that a reprisal motive is inferred. Simens v. Department of Justice, EEOC Request No. 05950113 (March 28, 1996) (citations omitted). Generally, the Commission has held that nexus may be established if events occurred within one year of each other. Patton v. Department of the Navy, EEOC Request No. 05950124 (June 27, 1996).

4.      The evidence herein does not establish a prima facie case of reprisal, with respect to Complainant's claim that, because of her prior EEO activity, she was given an "Excellent" rating on her performance appraisal.

5.      Complainant has established that she engaged in protected activity when she filed her EEO complaint in 2009. However, she has failed to demonstrate that she was subjected to an adverse employment action or that she is aggrieved.

6.      In retaliation claims, adverse actions need not qualify as "ultimate employment actions" or materially affect the terms and conditions of employment to constitute retaliation. Lindsey v. United States Postal Service, EEOC Request No. 05980410 (Nov. 4, 1999) (citing, EEOC Compliance Manual, Section 8, Retaliation (May 20, 1998)). Instead, the statutory retaliation clause prohibits any adverse treatment that is based upon a retaliatory motive and is reasonably likely to deter complainant or others from engaging in protected activity. Id.

7.      Complainant's most recent EEO activity, however, was initiated in or around May 2009, more than 12 months earlier than the alleged retaliatory event in the instant case. Therefore, the AJ finds that she fails to establish a causal connection between the protected activity and the alleged adverse action - Ms. Scott's action in giving her an "Excellent" on her

9

evaluation instead of "Outstanding".  Furthermore, Complainant has advanced no other evidence to show that her rating on her evaluation was because of her prior EEO activity, or because of a discriminatory animus against her.  Moreover, Complainant has failed to demonstrate that she is likely to be deterred from engaging in future protected activity by virtue of having been awarded an "Excellent" performance rating.

## VII. CONCLUSION

The available evidence does not support Complainant's allegations of discrimination. Moreover, there is no genuine dispute, under the Summary Judgment standards discussed above, with respect to a material fact and no genuine issue as to credibility which would warrant a hearing on the merits of Complainant's allegations of discrimination.  Therefore, a summary disposition of the above numbered complaint, without a hearing, is appropriate.

## NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to C.F.R. §1614.109(b), 109(g) or 109(i).  EEOC regulations require the Agency to take final action on the complaint by issuing a final order within 40 calendar days of receipt of the hearing file and this decision.  The Agency's final order shall notify the complainant whether or not the Agency will fully implement this decision, and shall contain notice of the complainant's  right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. **With the exception detailed in the next paragraph, complainant may not file an appeal to the Commission  directly from this decision.**  Rather, complainant may appeal to the Commission within 30 calendar days of receipt of the Agency's final order concerning its implementation of this decision.  If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. §1614.403, and append a copy of the appeal to the final order.  A copy of EEOC Form 573 must be attached to the final order.

Complainant may only appeal directly from this decision in the event that the Agency has **not** issued its final order within 40 calendar days of its receipt of the hearing file and this decision. In this event, the complainant should append a copy of the Administrative Judge's decision to the appeal.  The complainant should furnish a copy of the appeal to the opposing party at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the opposing party.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, NE Washington, DC 20507

Facsimile transmissions over 10 pages will not be accepted.

For further guidance regarding appeals, the parties may consult 29 C.F.R. §1614.401 et seq. and Chapter 10 of the Commission's Management Directive-110. These documents are available on the EEOC's website at EEOC.GOV.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. §1614.504, an Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within 30 calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within 30 calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least 35 calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within 30 calendar days of receiving the notice of appeal.

7/12/2012

*Eunice H. Morrow*
EUNICE H. MORROW
Administrative Judge
eunice.morrow@eeoc.gov

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days of mailing.   I certify that the decision was mailed to complainant, complainant's representative, and the agency on the above date.

Shirley-Skipper-Scott
4301 Raleigh Court
Apt. 1308
Midland, TX   79707

Alicia Daniels-Lewis
Assistant General Counsel
Federal Bureau of Prisons
Labor Law Branch/Atlanta Satellite Office
3800 Camp Creek Parkway, Bldg. 2000
Atlanta. GA   30331

Mark L. Gross
Complaint Adjudication Office
U. S. Department of Justice
950 Pennsylvania Avenue, NW
Civil Rights Division, CAO, PHB
Washington, DC   20530

*Eunice H. Morrow*
EUNICE H. MORROW
Administrative Judge

12