# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**SHIRLEY SKIPPER-SCOTT**                                                      **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 3:13-cv-17-HTW-LRA**

**ERIC HOLDER**                                                             **DEFENDANT**

## **ORDER TO SHOW CAUSE**

On January 7, 2013, plaintiff Shirley Skipper-Scott ("Skipper-Scott") filed this lawsuit in this federal forum against then-Attorney General Eric Holder ("Holder"). Skipper-Scott is proceeding in this matter *pro se*.

On January 31, 2013, the Clerk of the Court issued to Skipper-Scott summons forms to serve Holder [docket no. 5].

On June 11, 2013, Skipper-Scott returned to this court a "proof of service" [docket no. 7], signed by Eric Holder or his representative. Since June 2013, though, there has been no movement in this case.

Upon reviewing Skipper-Scott's "proof of service," this court observed that she did not serve Holder properly. Rules 4(i)(2)-(i)(3) of the Federal Rules of Civil Procedure govern service of process upon an Officer of the United States in his official and individual capacities:

> **(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.*** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

> **(3) Officer or Employee Sued Individually.** To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

The record shows that Skipper-Scott only served Holder, not the United States. Despite her status as a *pro se* plaintiff, Skipper-Scott is expected to know and abide by the procedural rules of this court. *Boswell v. Honorable Governor of Tex.*, 138 F.Supp.2d 782, 785 (N.D. Tex. 2000). Ignorance and unfamiliarity with these matters will not relieve a *pro se* plaintiff of this duty. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

Accordingly, this court orders Skipper-Scott to review the law and state whether she has served Holder properly. The plaintiff has ten (10) days from the date of this order to respond to this order.

**SO ORDERED AND ADJUDGED**, this, the 12th of February, 2016.

s/ HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**